**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4669**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DAVARES ANTONIO ARCHIE,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:14-cr-00667-JFA-1)

———————————

Submitted: July 28, 2016          Decided: August 4, 2016

———————————

Before GREGORY, Chief Judge, and SHEDD and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davares Antonio Archie appeals his conviction and 120-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning (1) whether the district court erred in accepting Archie's guilty plea, and (2) whether the district court imposed an unreasonable sentence. Archie was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

Before accepting a guilty plea, the trial court must conduct a colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalties he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court must ensure that the defendant's plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3).

2

Because Archie did not move to withdraw his guilty plea or otherwise preserve error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). Archie establishes plain error by demonstrating that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates a reasonable probability that he would not have entered his plea but for the error. United States v. Aplicano-Oyuela, 792 F.3d 416, 427 (4th Cir. 2015). Even if these requirements are met, we will "correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Nicholson, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted).

Here, the district court substantially complied with the requirements of Rule 11 in conducting the plea colloquy. Although the court made minor omissions during the colloquy, see Fed. R. Crim. P. 11(b)(1)(K), (O), the record provides no basis to conclude that these errors affected Archie's substantial rights. See Aplicano-Oyuela, 792 F.3d at 427. Further, while we note that the plea agreement mischaracterized the drug weights involved in the conspiracy offense with which Archie was

3

charged, we conclude the record otherwise demonstrates that Archie's guilty plea to the charged offense was both knowing and voluntary.

We review Archie's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must first determine whether the district court committed significant procedural error, such as incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. United States v. Dowell, 771 F.3d 162, 170 (4th Cir. 2014). If we find no procedural error, we also examine the substantive reasonableness of the sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. See 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). Archie bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

Our review of the record reveals that Archie's sentence is reasonable. The district court properly calculated Archie's Guidelines range, heard sentencing arguments from both parties,

4

and explained its rationale for the sentence it imposed. Although the court's explanation was not lengthy, it specifically referenced the § 3553(a) factors and was sufficient to justify its decision to sentence Archie to the statutory minimum — the precise sentence requested by both Archie and the Government. Further, Archie fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Archie, in writing, of the right to petition the Supreme Court of the United States for further review. If Archie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Archie.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED